**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GERALD LEROY WERTH,

    Plaintiff,                        Civil Action No. 2:09-11471
v.                                   HONORABLE NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT COURT
DAVID STONE, et. al.,

    Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.  Introduction**

Before the Court is Plaintiff Gerald Leroy Werth's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan.  For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

**II.  Standard of Review**

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;

1

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that he was arrested by members of the Flint Township Police and the Burton Police at 1021 Scottwood Avenue in Burton, Michigan on November 7, 2007. Plaintiff claims that the police lacked probable cause to arrest him. Plaintiff does not indicate whether he was charged with any crime arising from this alleged illegal arrest. However, on the same day that plaintiff filed this civil rights complaint, plaintiff filed a petition for writ of habeas corpus

challenging a 2008 conviction out of the Genesee County Circuit Court for breaking and entering and possession of burglary tools. Plaintiff's first ground for habeas relief is his claim that no probable cause existed for his arrest on November 7, 2007. In the supporting facts section, petitioner alleges that he was illegally arrested at 1021 Scottwood Avenue in Burton, Michigan on November 7, 2007. This petition for writ of habeas corpus remains pending. *Werth v. McKee,* U.S.D.C. No. 5:09-CV-11472 (E.D. Mich.)(O'Meara, J.). [1] Plaintiff seeks monetary and injunctive relief.

## IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal convictions, he would be unable to obtain such damages absent a showing that his criminal convictions had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A § 1983 suit in which a plaintiff seeks damages

---

[1] This Court obtained this information from this Court's docket sheet. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding, *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000), as well as its own records in a prisoner civil rights case. *See e.g. Mangiafico v. Blumenthal,* 358 F. Supp. 2d 6, 9-10 (D. Conn. 2005).

in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998).

Plaintiff claims that the police arrested him without probable cause. To the extent that plaintiff's Fourth Amendment claim alleges damages arising from being convicted, his lawsuit would not be cognizable under § 1983 unless and until his conviction was overturned or invalidated. *Schilling v. White*, 58 F. 3d 1081, 1085 (6th Cir. 1995). Where the "search [of plaintiff] yielded the [evidence] which became the subject of a criminal charge of which [plaintiff] was convicted," a finding that the search was unreasonable would "necessarily imply the invalidity of the conviction" and would therefore be barred under *Heck*. *Fox v. Michigan State Police Dep't.*, 173 Fed. Appx. 372, 377-78 (6th Cir. 2006); *See also Poindexter v. Overton,* 110 Fed. Appx. 646, 647 (6th Cir. 2004)(prisoner's civil rights claim challenging his confinement, in which he alleged that his convictions were obtained pursuant to an illegal search and seizure, was not cognizable and therefore subject to dismissal, where defendant had failed to successfully challenge the validity of his underlying convictions); *Pergram v. Shortridge,* 96 Fed. Appx. 322 (6th Cir. 2004)(same).

Because plaintiff does not allege that his convictions have been overturned, expunged, or called into question by a writ of habeas corpus, his

allegations relating to his illegal arrest, criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Section 1983 cannot serve as a basis to challenge the fact of a plaintiff's criminal conviction; the proper instrument for bringing such a challenge would be either on direct appeal, a state post-conviction relief motion, or a petition for a federal writ of habeas corpus. *See Messa v. Rubin*, 897 F. Supp. 883, 885 (E.D. Pa. 1995); *See also Bey v. Gulley,* 2002 WL 1009488, * 2 (E.D. Mich. May 6, 2002). An action which is properly one for habeas relief does not state a cognizable claim under § 1983. *See Benson v. New Jersey State Parole Bd.,* 947 F. Supp. 827, 831 (D.N.J. 1996). When the effect of granting equitable relief under the civil rights statute would be to substitute § 1983 for a petition for writ of habeas corpus

to attack a state court conviction, a prisoner fails to state a claim under § 1983. *Palmer v. Nebraska Supreme Court,* 927 F. Supp. 370, 371 (D. Neb. 1996)(*quoting Eutzy v. Tesar,* 880 F. 2d 1010, 1011 (8th Cir. 1989)). A plaintiff therefore cannot seek declaratory or injunctive relief relating to his conviction in a § 1983 action. *Nelson v. Campbell,* 124 S. Ct. 2117, 2122 (2004).

Since plaintiff appears to be asking this Court to reverse his criminal convictions, his complaint would stand in habeas corpus, and not under the civil rights statute. The current defendants would therefore not be the proper respondent. *See Urrutia v. Harrisburg County Police Dept.,* 91 F. 3d 451, 462 (3rd Cir. 1996)(citing to Rule 2(a), Rules Governing § 2254 Cases). Instead, the proper respondent would be Kenneth McKee, the warden at the Bellamy Creek Correctional Facility. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

To the extent that plaintiff is seeking habeas relief on his criminal convictions, his complaint is subject to dismissal as being duplicative of his habeas petition that remains pending before Judge O'Meara. *See e.g. Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)(internal citations omitted). Moreover, any habeas petition would be subject to dismissal because plaintiff has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Finally, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises

claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609.  Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE.**


  s/Nancy G. Edmunds
  Nancy G. Edmunds
  United States District Judge

Dated:  April 28, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2009, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager